UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DUANE ANTHONY HENRY, | ) | No. SA CV 12-591-VAP (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER DISMISSING CASE FOR MOOTNESS** |
| ERIC HOLDER, Jr., et al., | ) | |
| Respondents. | ) | |

**I.**

**PROCEEDINGS**

On April 17, 2012, petitioner, then in the custody of the United States Department of Homeland Security, filed a "Writ of Habeas Corpus and Release from Detention."[1] In the Petition, petitioner sought release from custody on the ground that he is a "natural born U.S. citizen," and thus was improperly being held subject to removal proceedings. (See Petition at 1-2). On March 20, 2014, the Magistrate Judge ordered supplemental briefing from petitioner and respondent to address "their respective positions as to whether any of petitioner's grounds for relief set forth in

---

[1] In petitioner's "Reply to Respondent's Response to Writ of Habeas Corpus" ("Reply"), filed September 6, 2012, petitioner indicated that he "petitions for a writ of habeas corpus under 28 U.S.C. § 2241 arguing that his continued detention violates the statute and the Due Process Clause of the Fifth Amendment." (Reply at 1).

the Petition are moot." On April 3, 2014, respondent filed a Reply to the March 20, 2014, Order, and a Motion to Dismiss ("Reply"). In respondent's Reply, respondent stated that petitioner "was released from immigration custody pursuant to an Order of Supervision" on November 21, 2012; respondent included the Order of Supervision as an attachment. (See Reply at 1-2; Reply, Exhibit). Respondent asserts in the Reply that petitioner "is no longer detained," and accordingly, that "his habeas petition is moot." (Reply at 2).[2] To date, petitioner has failed to respond to the Order of March 20, 2014, and his time to do so has passed.

## II.

## **MOOTNESS**

Petitioner's case should be dismissed as moot, as it appears that he is no longer in federal custody. A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). In order to satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit through "all stages of federal judicial proceedings." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001). If it appears that the Court is without power to grant the habeas relief requested by a petitioner, the case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991). As petitioner challenged the lawfulness of his detention, and he has now been released from detention, the Court is without power to grant the relief petitioner requested in the Petition -- i.e., that petitioner "be released immediately from [Department of Homeland Security]

---

[2] In addition to petitioner's request that the Court issue a Writ of Habeas Corpus, petitioner sought "a declaratory judgment" regarding, among other things, the Department of Homeland Security's "interpretation of the Immigration and Nationality Act," and petitioner's asserted United States citizenship, as well as "such other relief as may be just and appropriate, including costs, expenses and reasonable attorney fees incurred by petitioner in this matter." (Petition at 11). To the extent petitioner requested additional relief, such relief is not properly sought through a Petition for a Writ of Habeas Corpus. See Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("petitioner seeks not immediate or speedier release, but monetary damages, as to which he could not have sought and obtained fully effective relief through federal habeas corpus proceedings.") (citation and quotation omitted).


custody either without bond or on an order of supervision." (Petition at 11).[3] Thus, petitioner's case has been rendered moot. See, e.g., Riley v. I.N.S., 310 F.3d 1253, 1256-57 (10th Cir. 2002) (finding that a petitioner did not meet any of the exceptions to the mootness doctrine, and thus that his release from detention under an order of supervision mooted his challenge to the legality of his extended duration); see also Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition.") (citation omitted).

In light of the foregoing, the Court finds that dismissal of this action is appropriate because petitioner's claims for relief are moot.  IT IS THEREFORE ORDERED that this action is **dismissed**.

DATED: April 9, 2014

                                      HONORABLE VIRGINIA A. PHILLIPS
                                      UNITED STATES DISTRICT JUDGE

---

[3] Although petitioner does not expressly seek relief from his removal order in this Petition, he does indicate that, "[u]ntil [his] claim of citizenship is resolved, the propriety of the entire removal proceeding is in doubt." (Petition at 10). To the extent petitioner may seek to challenge an administrative order of removal, deportation, or exclusion, pursuant to the Real ID Act, a petition for review to the Court of Appeals is the exclusive means of judicial review for "criminal aliens." REAL ID Act, Section 106(a), 8 U.S.C. §§ 1252(a)(2)(C), (a)(5) & (b)(9).